IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:14-CR-592 |
| | § | |
| YONNY ALEXANDER COREA-RODRIGUEZ, | § | |
| | § | |
| | § | |
| Defendant/Movant. | § | |

ORDER

Yonny Alexander Corea-Rodriguez filed a motion seeking appointment of counsel to assist him with a motion for sentence reduction pursuant to Amendment 782 to the Sentencing Guideline Manual.  D.E. 41.

Corea-Rodriguez pleaded guilty to illegal reentry in September 2014 and was sentenced to 25 months imprisonment in the Bureau of Prisons.  D.E. 31.  The portions of the sentencing guidelines applicable to Corea-Rodriguez are found at §§ 2L1.2, 3A1.2.  *See* D.E. 16, ¶¶ 12-14.

Amendment 782 applies to sentence reductions for some drug offenders by amending § 2D1.1, the Drug Quantity Table. The Policy Statement regarding retroactive application of sentence reductions states in part,

> In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1).  In Corea-Rodriguez' case, Amendment 782 does not reduce his applicable sentencing guideline range.

Although this Court may appoint counsel for a movant in a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) in the interests of justice, the

Court declines to do so because Corea-Rodriguez is not eligible for a sentence reduction under the terms of Amendment 782. *See United States v. Pinson*, 405 Fed. App'x. 866 (5th Cir. 2010) (per curiam) (designated unpublished) ("because [defendant] is simply ineligible for a sentence reduction under § 3582(c)(2), the district court did not have any discretion to reduce his sentence. Accordingly, we conclude that under *Whitebird*, [defendant] was not entitled to counsel."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceeding); *United States v. Hereford*, 385 Fed. App'x. 366, 367–69 (5th Cir. 2010) (designated unpublished) (appointment of counsel not required in § 3582 proceeding).

For the foregoing reasons, Corea-Rodriguez's motion for appointment of counsel (D.E. 41) is **DENIED**.

It is so **ORDERED**.

SIGNED this 10th day of August, 2015.

_____
Hilda Tagle
Senior United States District Judge